IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| Canton Port Services, LLC<br>3800 Newgate Avenue, Suite 2<br>Baltimore, Maryland 21224 | *<br><br>*   Civil Action No. 10-103 |
| Plaintiff, | * |
| v. | * |
| M/V SNOW BIRD, her engines, tackle and apparel, IMO No. 7726744, | *<br>* |
| Defendant *in rem*, | * |
| and | |
| Rattan Ramkisson, | * |
| Defendant *in personam*. | *<br>* |
| * * * * * * * * * * * * | |

**VERIFIED COMPLAINT IN REM
WITH REQUEST FOR WARRANT OF ARREST
AND WRIT OF MARITIME ATTACHMENT**

Canton Port Services, LLC, pursuant to Supplemental Rules B and C, hereby files this Complaint against the M/V SNOW BIRD, its engines, tackle and apparel ("Vessel") *in rem* and against defendant Rattan Ramkisson, *in personam*, and in further support of this Complaint allege as follows:

**JURISDICTION**

1.      This is a case of admiralty jurisdiction, 28 U.S.C. § 1333, as hereinafter more fully appears. This is an admiralty or maritime claim within the meaning of Federal Rule of Civil Procedure Rule 9(h) and is brought pursuant to Rules B and C of the Supplemental Rules for

Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Venue is proper in this Court because the Vessel is within this District and Division. Defendant Ramkisson is not found within this District within the meaning of Supplemental Rule B.

## PARTIES AND FACTS

3. At all material times, intervening plaintiff Canton Port Services, LLC was, and is now, a limited liability corporation duly organized and operating under the laws of Maryland.

4. The Vessel is a formerly Panamanian-registered and flagged general cargo vessel[1] Ramkisson owns the Vessel and is an individual resident in Trinidad.

## Count I

## In Rem Against the Vessel Supplemental Rule C

5. Canton repeats and re-alleges the foregoing paragraphs.

6. Canton is a stevedoring company that leases from CNX Marine Terminal, Inc. the pier at which the Vessel is berthed from CNX Marine Terminal, Inc. for the purpose of providing temporary dockage to vessels for the loading and discharge of cargo.

7. The Vessel has been berthed at the subject pier since April 2008. On October 30, 2009, defendant Ramkisson purchased the Vessel at the United States Marshal's sale held pursuant to this Court's Order, and this Court confirmed the sale. Ramkisson promised to remove the Vessel promptly from Canton's pier and also promised to pay Canton the charges for having the Vessel remain at Canton's pier, pending removal. Ramkisson, however, has failed to pay Canton's outstanding charges, despite repeated demand, and has failed to remove the Vessel from Canton's

---

[1] The Vessel's registry expired August 28, 2008, and remains expired.

pier.

8. As of the present date, Canton holds a maritime lien against the Vessel, at charges set out in its Tariff, of at least Three Hundred Three Thousand, Two Hundred Dollars ($303,200), with further charges accruing at the Tariff rate.

9. Canton has suffered damages, holds a maritime lien against the Vessel in the amounts set out immediately above, and respectfully request that this Court enter judgment in its favor against the Vessel *in rem* for this amount, as set out below.

## Count II

### Quasi In Rem Against Ramkisson - Supplemental Rule B

10. Canton repeats and re-alleges the foregoing paragraphs.

11. Ramkisson is the Vessel owner and liable in personam to Canton for all of Canton's charges, for wharfage, dockage and other necessaries provided to the Vessel.

12. Canton seeks issue of process of maritime attachment so that it may obtain security for its claims. No security for Canton's claims has been posted by Ramkisson or anyone acting on his behalf to date.

13. Mr. Ramkisson, an individual, cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but are believed to have, or will have during the pendency of this action, property in this jurisdiction, including the Vessel.

/

/

14. Canton therefore respectfully requests the Court to issue a writ of maritime attachment and garnishment pursuant to Supplemental Rule B, as set out below, entering judgment against defendant Ramkisson as also set out below.

## DEMANDS FOR RELIEF

WHEREFORE, Canton respectfully demands relief as follows:

**(A)** **Count I (in rem against the Vessel)**:

(1) That this Court enter judgment against the Vessel, *in rem*, ordering that Canton's claims of at least Three Hundred Three Thousand, Two Hundred Dollars ($303,200), with further charges accruing at the Tariff rate, plus all costs of arrest and of this action, be paid from the proceeds of the sale of the Vessel;

(2) That process in due form of law issue against the Vessel, pursuant to Supplemental Rule C, citing any claimant to the Vessel to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

(3) That the Vessel, its engines, tackle, freights, and apparel be sold in the arrest pursuant to Supplemental Rule C to the extent of the amount of Canton's total claims, at the time of the sale;

**(B)** **Count II (quasi in rem against Ramkisson)**:

(1) That this Court enter judgment against defendant Ramkisson, ordering that Canton's claims of at least Three Hundred Three Thousand, Two Hundred Dollars ($303,200), with further charges accruing at the Tariff rate, plus all costs of arrest and of this action, plus all costs of arrest and of this action, be paid from the proceeds of the sale of the Vessel and by Ramkisson, jointly and severally;

(2) That since Ramkisson cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of their tangible or intangible property or any other funds held by any garnishee, which are due and owing to Ramkisson up to the amount of at least the amount demanded herein to secure Canton's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

( C ) That Canton may have such other, further and different relief as may be just and proper.

Dated: January 14, 2010.

                /s/ J. Stephen Simms
                J. Stephen Simms (#4269)
                John T. Ward
                Simms Showers LLP
                Suite 702
                Twenty South Charles Street
                Baltimore, Maryland 21201
                Telephone: (410) 783-5795
                Facsimile: (410) 510-1789

                Canton Port Services, LLC

**VERIFICATION - RULE B ALLEGATIONS**

J. Stephen Simms certifies as follows:

1. I am over 18 years old and competent to make this affidavit.

2. I am counsel to plaintiff, Canton Port Services, LLC

3. I further verify that defendant Ramkisson cannot be found within this District within the meaning of Supplemental Rule B. I state that on behalf of plaintiff, an electronic records search for defendant was completed on Google and various telephone directories and real property listings, finding no address or telephone number for this defendant, an individual resident in Trinidad, and that according to Directory Assistance there is no telephone listing for this defendant within any area code in this District..

        Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

        Executed on January 14, 2010.

        /s/ J. Stephen Simms
        J. Stephen Simms (#4269)
        Simms Showers LLP
        Suite 702
        Twenty South Charles Street
        Baltimore, Maryland 21201
        Telephone: 410-783-5795
        Facsimile: 410-510-1789

        Canton Counsel

## VERIFICATION

_____Rex Wheeler certifies as follows:

1. I am over 18 years old and competent to make this affidavit.

2. I am President of the plaintiff, Canton Port Services, LLC

3. I have read the foregoing Verified Complaint and confirm that the facts it sets out are true.

        I hereby certify pursuant to 28 U.S.C. § 1746 and under penalties of perjury that the foregoing is true, to the best of my information and belief.

        Executed on January 14, 2010.


        /s/ Rex Wheeler
        Rex Wheeer